# Exhibit D



**Portfolio Media. Inc.** | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Judge Presses DOJ On Immigrant Bond Denials After Report

By **Julie Manganis**

Law360 (April 10, 2026, 5:19 PM EDT) -- A Massachusetts federal judge on Friday said she was "concerned" by a published report suggesting that immigration judges are being instructed to deny all bond requests regardless of merit, after she and other judges ordered that detainees be given hearings.

U.S. District Judge Patti B. Saris, who in December found that the Trump administration was misapplying a provision in the Immigration and Nationality Act to justify detaining anyone with pending removal proceedings, had already issued follow-up orders requiring notice to detainees of their right to a bond hearing.

The most recent order, on Jan. 29, came after the judge learned that the administrative judges who hear such requests had been instructed to ignore her and other Article III judges' rulings, which are being **appealed** by the government.

Now, the judge said she is "worried" that the immigration court, which is run by the Department of Justice, is simply denying all requests for bond automatically, even where a federal judge has ordered that someone is entitled to a hearing.

During a hearing that had originally been set to discuss the government's **request** to either lift or modify the time frame for providing notices to detainees, Judge Saris immediately brought up an April 9 article from The New York Times describing pressure on immigration judges to deny bond.

"I was concerned when the chief judge instructed the immigration judges not to follow my ruling," Judge Saris told Department of Justice lawyer Katherine Shinners, referring to a Jan. 13 **memo** to immigration court judges advising them that they are not bound by declaratory judgments.

Judge Saris subsequently issued an order spelling out specific requirements for notice to class members — a group of immigrants who have been detained in Massachusetts and who were not given a chance to argue for release on bond — that they are entitled to seek relief via a habeas petition to the federal court.

"I would hope there wasn't another directive, 'when the judge sends them back, make sure you don't grant them bond,'" Judge Saris told Shinners. "Could you make sure?"

Judge Saris, who has previously noted the high volume of habeas petitions being filed over denied requests for release on bond while detainees challenge removal proceedings, said she has been operating on the assumption that most of the petitioners who get a hearing are eventually being granted release.

"Maybe not all, maybe not all deserve to be," Judge Saris said. "I'm just trying to understand what is actually happening in the field, whether there's a directive not to let people out on bail."

The judge went on to say she is concerned, based on The Times' reporting, that immigration judges are "all looking over their shoulders if they grant bail."

Shinners agreed to look into what the immigration judges have been told.

Case 2:26-cv-02114-NJC    Document 11-4    Filed 04/14/26    Page 3 of 3 PageID #: 145
Judge Presses DOJ On Immigrant Bond Denials After Report - Law360

The American Civil Liberties Union of Massachusetts' Daniel McFadden said he has heard concerns within the immigration bar that bond requests are being denied on "clearly insufficient evidence of danger or flight risk," two legal justifications for detention.

The judge postponed issuing a decision on the government's request to relax the notice requirements until McFadden is able to file a brief in opposition, but said she was open to granting additional time to the government to provide notice — though McFadden said he and other counsel for the plaintiffs are concerned that the government might use that additional time to move detainees to facilities beyond the jurisdiction of the Massachusetts court.

The class is represented by Jessie J. Rossman, Adriana Lafaille, Daniel L. McFadden and Julian Bava of the American Civil Liberties Union of Massachusetts, Caroline Meade, My Khanh Ngo and Michael K.T. Tan of the American Civil Liberties Union, Gilles R. Bissonnette, Chelsea Eddy and SangYeob Kim of the American Civil Liberties Union of New Hampshire, Carol J. Garvan and Max I. Brooks of the American Civil Liberties Union of Maine, Anthony D. Mirenda, Christopher E. Hart and Gilleun Kang of Foley Hoag LLP, Annelise M. Jatoba de Araujo of Araujo & Fisher LLC, and Sameer Ahmed and Sabrineh Ardalan of the Harvard Immigration and Refugee Clinical Program.

The government is represented by Katherine J. Shinners, August Flentje and Laurie Wiesner of the U.S. Department of Justice's Civil Division, Office of Immigration Litigation, and Rayford Farquhar of the Office of the U.S. Attorney for the District of Massachusetts.

The case is Orellana v. Moniz et al., case number 1:25-cv-12664, in the U.S. District Court for the District of Massachusetts.

--Additional reporting by Carolyn Muyskens and Chris Villani. Editing by Emily Kokoll.

All Content © 2003-2026, Portfolio Media, Inc.