# Exhibit A

**DECLARATION OF KARLA OSTOLAZA ORTIZ, ESQ.**

I, Karla Ostolaza Ortiz, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. My name is Karla Ostolaza Ortiz, and I am the Managing Director of the Immigration Practice at The Bronx Defenders ("BxD"), located at 360 East 161st Street, Bronx, New York 10451. I have been representing detained noncitizens, including noncitizens with prior contacts with the criminal legal system, in their immigration matters for over a decade. In my role as the Managing Director of the Immigration Practice, I regularly supervise staff and supervising attorneys and track systemic trends and issues affecting our clients.

2. The Bronx Defenders is part of the New York Immigrant Family Unity Project ("NYIFUP"), which is New York City's universal representation project for detained New Yorkers. Since NYIFUP's inception in 2013, BxD annually represents hundreds of noncitizens detained by Immigration and Customs Enforcement ("ICE").

3. I submit this declaration to provide information about the experiences of BxD clients detained by ICE facing unresolved criminal allegations. I make this declaration based on my personal knowledge and experience as well as based on my review of our case files, notes, and conversations I have had with members of our team.

4. In 2025 and 2026, the female clients we have represented have typically been detained at Moshannon Valley Processing Center (Philipsburg, PA) ("MVPC") and South Louisiana ICE Processing Center.

5. In the over a decade that I have represented detained noncitizens, I have routinely seen noncitizens unable to resolve pending criminal arrests or charges—including charges they strongly contest—because they are detained by ICE. In my experience, it is rare that a client is produced in criminal court from ICE custody. Below I provide examples of individuals BxD represents or has represented within the last two years who have been impeded in their efforts to resolve criminal cases while detained.

6. D.H. has been detained at MVPC since on or about March 2, 2026. D.H. has an open criminal case pending in Harrisburg Magisterial District Court. ICE detained D.H. at one of her appearances before the Magisterial District Court. She subsequently missed an appearance before that court due to her ongoing ICE detention. Her next hearing before the Magisterial District Court is not until the summer. D.H. vigorously contests the charge against her and is very motivated to fight her case but has been impeded in doing so by her ongoing ICE detention.

7. J.M. is currently detained by ICE in Louisiana. At the time of his detention, he had a case pending in Nassau County. He was at liberty at the time of his detention by ICE, consistently attending his court appearances. A bench warrant was issued due to J.M.'s failure to appear following his detention by ICE. While J.M. has been in ICE custody, the criminal court has issued multiple writs of habeas corpus ad prosequendum pursuant to N.Y. Crim. Pro. Law §

1

580.30 requesting that ICE produce the client. ICE has not honored any of the writs. The case remains pending.

8. "John Doe" (pseudonym) was arrested by the Nassau County Police Department and then before he could be arraigned, detained by ICE. Following his detention by ICE, he was unable to attend a scheduled criminal court appearance because he was in ICE custody. Mr. Doe's counsel at BxD has been in contact with Nassau County Legal Aid Services ("NCLAS") to ascertain whether it will be possible for the client to resolve this criminal matter while detained by ICE. NCLAS has conveyed to counsel that, if he requests that the Nassau County District Attorney seek a writ for this client to be produced in criminal court, it is not clear if or when the writ process will succeed, which is consistent with BxD's experience that ICE does not consistently honor writs.

9. E.M. was previously detained by ICE at Orange County Correctional Facility ("OCCF") in Goshen, New York. Prior to his arrest by ICE, the client had accepted a conditional plea in connection with prior arrests by the Nassau County Police Department, with sentencing to occur at a later date. E.M. was scheduled to appear in Nassau County Court on February 3, 2026, and March 25, 2026, to confirm his compliance with his sentence, but was unable to appear on both dates due to his ongoing ICE detention. Moreover, the client was unable to comply with the terms of his sentence (e.g., participation in programming) because of his detention by ICE.

10. C.M. was arrested by the Nassau County Police Department and subsequently detained by ICE. While detained, the client missed an appearance before the criminal court, such that he has not yet been arraigned. His next appearance is not scheduled until the summer. NCLAS has advised counsel at BxD that the only way for the criminal court case to progress would be through a writ issued by the criminal court and that also it is not clear whether the writ would succeed.

11. D.D. was previously detained by ICE in Louisiana. At the time of his arrest and detention by ICE, the client had an open criminal case in the Bronx. For approximately seven months, the Bronx District Attorney and defense counsel at BxD attempted to have our client writted to the Bronx without success. D.D. was ultimately removed from the United States. Shortly thereafter, the criminal court in the Bronx issued a bench warrant due to his failure to appear.

12. G.C., at the time of his arrest and detention by ICE, had an open criminal case pending in upstate New York. He was scheduled to appear in criminal court during his ICE detention but was unable to appear because he was in ICE custody. The criminal court issued a bench warrant even though his failure to appear was not willful. The client's criminal defense counsel has advised BxD that the ideal path to resolving this case would be through mitigation, such as attending classes and providing restitution. However, because the client is detained, he is unable to take any classes and does not have any income that would make paying upfront restitution possible.

13. J.G. was arrested by local police in upstate New York and subsequently detained by ICE on the same day. He had not yet been arraigned or assigned a public defender. During the five

2

months he was detained by ICE, he was never produced in criminal court for arraignment or any other purpose. His inability to defend himself against the allegations against him and resolve this criminal matter factored heavily into his choice to accept a removal order.

I, Karla Ostolaza Ortiz, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 22nd of April 2026.

_____
Karla Ostolaza Ortiz, Esq.