# Exhibit B

**ATTORNEY AFFIRMATION**

DONNA ZAK, ESQ., an attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1. My name is Donna Zak. I am the Immigration Unit Supervisor for The Legal Aid Society of Nassau County ("Legal Aid"). I have worked at Legal Aid for almost ten years, since September 2016. My office is located at 40 Main Street, Hempstead, NY 11550. Legal Aid is a 501(c)(3) non-profit organization that provides legal representation and other services to indigent individuals involved in the New York state criminal justice system in Nassau County. Our office also provides legal representation in certain family court matters, including those involving child custody and support issues.

2. As part of our office's representation of defendants in Nassau Criminal Court, the Immigration Unit regularly works to assess and mitigate the immigration consequences of our clients' interactions with various policing agencies and the criminal court.

3. In March 2025, the Nassau County Police Department ("Nassau Police") entered into an INA § 287(g) (8 U.S.C. § 1357(g)) agreement with Immigration and Customs Enforcement ("ICE"), formalizing a working relationship with ICE and allowing designated police officers to act as ICE agents.

4. Pursuant to N.Y. Crim. Pro. Law § 150.20, the Police are authorized in certain circumstances to serve upon an arrestee a desk appearance ticket ("DAT") directing that person to appear in a designated court at a designated time in the future, in connection with an alleged commission of a designated offense. This is in lieu of bringing such person before a criminal court and promptly filing an accusatory instrument therewith. N.Y. Crim.

Pro. Law § 150.20 requires issuing a DAT when an individual is charged with certain offenses (namely, offenses other than an A, B, C, or D felony), provided that the person does not satisfy any of a number of exceptions set forth in the law, including, for example, having one or more outstanding local criminal court or superior court warrants or having failed to appear in court proceedings in the last two years.

5. Shortly after the INA 287(g) agreement, it became apparent that a new procedure or arrangement was implemented between the Nassau Police and ICE wherein the Nassau Police will now issue a noncitizen arrestee a DAT when authorized and, as they deem appropriate, immediately transfer the arrestee to ICE instead of releasing them.

6. As a result of subsequent ICE detention, the arrestee then misses their DAT court date. To my knowledge, ICE has made no efforts to transport the arrestees to court unless and until there is intervention by the relevant court and/or criminal attorneys. Unfortunately, because there is no attorney assigned at the time a DAT is issued and the court has not had contact with the arrestee yet, many times the fact that the arrestee is in ICE detention and therefore unable to attend the DAT court date is unknown. Neither the Nassau Police nor ICE indicate to the parties involved in the court process that the arrestee has been transferred to ICE and/or detained. As a result of this, many criminal warrants have been issued for persons in ICE custody who miss court dates, and the cases are taken off the court calendar.

7. Generally, when an arrestee appears for a DAT, that person enters a plea of not guilty, bail status is determined and an indigency determination is made to determine if the arrestee qualifies for a public defender to assist them in their defense.

8. Since Legal Aid became aware of these immediate transfers into ICE custody and subsequent warrants, Legal Aid has made a concerted effort to try to determine if

2

defendants with DATs who miss their court dates are actually in ICE detention. This can prove difficult unless we have an alien number (the number used to identify noncitizens in the immigration system, also known as an "A number") and country of birth for checking ICE's online detainee locator (available at https://locator.ice.gov/odls/#/search), since sometimes the name on a criminal complaint is not exactly the same as on the locator. Additionally, it is impossible to know if certain arrestees are not appearing on the locator because they were already removed. If it is determined that they are in fact in ICE detention, Legal Aid requests to be assigned in order to try to reach out to the client to see if they would like to try to appear for their arraignment virtually, pursuant to N.Y. Crim. Pro. Law § 182.20.

9. Many times, legal phone calls need to be set up weeks in advance, and by the time they come around, the detainee has been transferred or removed.

10. Additionally, sometimes we learn of arrestees who were immediately transferred to ICE detention by immigration public defenders who reach out to Legal Aid for assistance with upcoming DATs. I do not believe I have ever been contacted by a private immigration attorney for this purpose.

11. It is my experience that ICE does not honor writs to Nassau County unless the client is detained close by, such as in MDC Brooklyn or Orange County Jail in Goshen, New York. If a client is detained at MDC Brooklyn, a writ is actually the only option as ICE there refuses to allow for virtual criminal court appearances or even criminal legal phone calls. Unfortunately, even writs for clients in these relatively close detention facilities can take several attempts before possibly being successful, with each attempt requiring a separate approximately month-long adjournment of the case.

3

12. Because writs are not honored for the majority of arrestees held in immigration detention facilities throughout the country, virtual court hearings are the main way we attempt to provide some due process in these cases. However, one cannot proceed to trial virtually as this is not permitted under the statute. Thus, the majority of these cases result in a plea. However, due to limitations on what type of sentences one can receive while detained elsewhere by ICE, sometimes an agreed-upon resolution is unobtainable and, if the client is eventually removed from the country by ICE, a warrant results.

13. It should be noted that Legal Aid staffs only one of two arraignment courtrooms in Nassau County. The other is staffed by private attorneys on the Article 18b conflict panel. I do not believe these 18b attorneys understand or undertake in all of this coordination. Those cases are more likely to result in a missed court date and a warrant.

14. Attempting to give all of the arrestees—who have been immediately transferred to and detained by ICE—a chance to have their day in criminal court has been a logistical nightmare to coordinate. While we have had some success, there have also been failures due to circumstances beyond our control.

DATED:      April 20, 2026
              Hempstead, NY

DONNA ZAK, Esq.
Legal Aid Society of Nassau County
40 Main Street, 3rd Floor
Hempstead, New York 11550
Office: (516) 560-6471
Fax: (516) 572-1959
Email: Dzak@nclas.org

4